IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

July 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

KENNETH RAY MAYFIELD, SR.   )   BRADLEY CIRCUIT
                                )

      Plaintiff/Appellee       )   NO.  03A01-9803-CV-00112
                                )

v.                            )   HON.  JOHN B. HAGLER, JR.
                                )   JUDGE

NANCY PRECELLA MAYFIELD,   )
                                )

      Defendant/Appellant    )   AFFIRMED

D. Mitchell Bryant, Cleveland, for the Appellant.
Appellee filed no brief and made no appearance.

### MEMORANDUM O P I N I O N[1]

INMAN, Senior Judge

Nancy Precella Mayfield ["Wife"] appeals from the judgment of the trial court granting her a divorce based upon the inappropriate marital conduct of Kenneth Ray Mayfield, Sr. [ "Husband"].   She contends on appeal that the settlement agreement was obtained through threats and coercion.

Wife appeared before the court with counsel on June 2, 1997 for a hearing on a motion for temporary support.  She again appeared on September 5, 1997 with counsel and, under oath, testified that she and Husband had reached a settlement agreement.

On October 7, 1997, Wife filed a "Motion to Set Aside Previously Announced Agreement" in which she alleged that Husband had coerced her into agreeing to the settlement of September 5, 1997.

---

[1]**Affirmance Without Opinion - Memorandum Opinion.**  (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]

On October 27, 1997, the trial court entered a Final Decree of divorce which adopted and incorporated the terms of the marital dissolution agreement.

On appeal, Wife asks this Court to set aside the final decree and alleges that Husband, on the evening of September 4, 1997, coerced her to appear in court the following morning and agree to the terms of the divorce.

As stated, at the time of the hearing, the trial judge placed both parties under oath and each testified that the marital dissolution agreement was their agreement. Wife and her counsel had ample opportunity at that time to retract her agreement and complain that it had been obtained through duress. She testified otherwise under oath, and will not be heard now to refute her own testimony. *See, Meadows v. Meadows,* slip op., No. 1102 (Tenn. App. May 13, 1987).

The judgment of the trial court is affirmed at the cost of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge



_____
Don T. McMurray, Judge